Jeffrey V. **DAILEY**, Appellant,

v.

Willie **LYLES**, Agent, Appellee.

No. 92–1149.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided May 20, 1993.

Rehearing and Rehearing En Banc Denied June 25, 1993.

Elizabeth Unger Carlyle, Lee's Summit, MO, argued, for appellant.

Patrick F. Bottaro, Kansas City, MO, argued (Elizabeth D. Badger and Allan E. Coon, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

We affirm on the basis of the well-reasoned opinion of the district court,[1] *see Dailey v. Lyles*, 785 F.Supp. 812 (W.D.Mo.1992). *See* 8th Cir.R. 47B.

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

Although the facts are set forth fully in the district court's opinion, *Dailey v. Lyles,* 785 F.Supp. 812 (W.D.Mo.1992), a brief recital of the facts surrounding Dailey's arrest is necessary. Willie Lyles, a conservation officer with the Missouri Department of Conservation, went to Jeffrey Dailey's home without an arrest warrant to investigate alleged violations of the Missouri Wildlife Code. Lyles knocked on Dailey's door, Dailey answered, and a confrontation erupted. Lyles told Dailey he was under arrest, and reached inside to grab Dailey's arm. Dailey's labrador then came to the door, Lyles displayed a weapon, and Dailey shut the door and called 911. While Lyles waited outside, conservation officer Woodruff arrived. Woodruff called for Dailey to come out of the house and Dailey eventually did so. Dailey was then arrested and charged with resisting arrest and various wildlife code violations. After a jury convicted Dailey of resisting arrest, he brought a 42 U.S.C. § 1983 action against Lyles for false arrest and malicious prosecution. The district court concluded the arrest was proper under Missouri statutory law, which provides that a conservation agent "may arrest, without warrant, any person caught by him or in his view violating or who he has good reason to believe is violating, or has violated this law or any such rules and regulations ..." Mo. Stat.Ann. § 252.080 (Vernon 1945).

I dissent from the majority because I believe Lyles violated Dailey's constitutional rights by arresting him without a warrant. Regardless of any statutory power granted under Missouri law, a conservation officer cannot be given power to arrest an individual that is prohibited by the U.S. Constitution. *See* U.S. CONST. art. VI, cl. 2. The Fourth Amendment prohibits officers from crossing the threshold of a residence to arrest an individual without a warrant unless the officers demonstrate the existence of probable cause and exigent circumstances. *Payton v. New York,* 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980); *Duncan v. Storie,* 869 F.2d 1100, 1102 (8th Cir.) ("a warrantless arrest that occurs inside an individual's home is unconstitutional unless the officers demonstrate the existence of probable cause and exigent circumstances."), *cert. denied,* 493 U.S. 852, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989). Lyles had investigated the matter for several months, possessed information about possible wildlife violations and had ample opportunity to apply for an arrest warrant; there were no exigent circumstances present and "application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense ... has been committed." *Welsh v. Wisconsin,* 466 U.S. 740, 753, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732 (1984). Second, the district court erroneously concluded that Dailey had a reduced expectation of privacy in his residence simply because he also used the residence as a business. The fact that his residence was also used as a business, standing alone, does not support a finding of a reduced expectation of privacy. There is no evidence that Dailey's residence was open to the general public, that his customers entered the premises without permission or that it could otherwise be considered a public place. *See United States v. Davis,* 785 F.2d 610, 615 (8th Cir.1986). In this case, Dailey remained inside his home and did not voluntarily place himself in a public place, thus preserving his expectation of privacy. Because Missouri law authorizes a conservation officers to arrest without a warrant in violation of the Fourth Amendment, I would reverse the district court. Finally, I believe a dispute of this kind is more appropriately handled with the issuance of a citation. In this instance, the officer displayed a weapon and unnecessarily escalated a routine encounter into a potentially dangerous situation.